ORIGINAL

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

JEFFREY G. SMITH (133113)
smith@whafh.com
Mark C. Rifkin
Robert Abrams
Matthew M. Guiney
WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP
270 Madison Ave.
New York, NY 10016
Tel: 212-545-4600
Fax: 212-545-4653

Attorneys for Plaintiffs

FILED

MAR 1 9 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

VIA FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 0566 BEN WMc

| | |
|---|---|
| TREVOR CALLAN, TIMOTHY CALLAN, and RYAN CALLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; CAROL T. CHRIST; ARMANDO M. CODINA; VIRGIS W. COLBERT; JILL K. CONWAY; ALBERTO CRIBIORE; JOHN D. FINNEGAN; JUDITH MAYHEW JONAS; HEINZ-JOACHIM NEUBÜRGER; DAVID K. NEWBIGGING; E. STANLEY O'NEAL; AULANA L. PETERS; JOSEPH W. PRUEHER; ANN N. REESE; CHARLES O. ROSSOTTI; and JOHN A. THAIN,<br><br>Defendants. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR: (1) RECOVERY OF UNPAID WAGES; (2) VIOLATION OF B&P CODE SECTION 17200 ET SEQ.; (3) CONVERSION; (4) BREACH OF FIDUCIARY DUTY; AND (5) VIOLATION OF ERISA<br><br>[DEMAND FOR JURY TRIAL] |

1

CLASS ACTION COMPLAINT

PARTIES

1.     Plaintiffs Trevor Callan, Timothy Callan, and Ryan Callan ("Plaintiffs") are individuals residing in San Diego County, California.

2.     Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively "Merrill Lynch") are Delaware corporations doing business in San Diego County, California.

3.     Defendants Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Heinz-Joachim Neubürger, David K. Newbigging, E. Stanley O'Neal, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, and John A. Thain (collectively the "Director Defendants") are individuals whose places of residence are unknown to Plaintiffs. At all relevant times, the Director Defendants were members of Merrill Lynch's Board of Directors, and some or all of the Director Defendants were members of the Management Development and Compensation Committee.  Collectively, Merrill Lynch and the Director Defendants are referred to herein as "Defendants."

JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant the Class Action Fairness Act, 28 U.S.C. section 1332(d), in that: (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (2) Plaintiffs are citizens of California whereas Merrill Lynch is a citizen of New York.  Alternatively, the Court has subject matter jurisdiction over the ERISA cause of action pursuant to 29 U.S.C. section 1132(e) and over the state law causes of action pursuant to 28 U.S.C. section 1367 (supplemental jurisdiction).

5.     Venue is proper in this Court because Plaintiffs were employed in this judicial district and the events giving rise to Defendants' liability occurred here.

GENERAL ALLEGATIONS

6.     Plaintiffs were employed by Merrill Lynch as Financial Advisors in San Diego County, California.  Plaintiffs were required to accept part of their wages in the form of "awards" under the Merrill Lynch "Financial Advisor Capital Accumulation Award Plan" ("FACAAP"), "Growth Award" plan, and "WealthBuilder Account Plan" (collectively, these are referred to as

2

1  the "Plans"). Merrill Lynch represented to Plaintiffs that these Plans were components of

2  Plaintiffs' overall compensation package. Merrill Lynch did not give Plaintiffs the option of

3  refusing to participate in the Plans and receiving all of their wages in cash.

4         7.     Awards under the FACAAP were subject to an 8-year cliff vesting schedule.

5  (Before 2003, FACAAP awards were subject to a 10-year cliff vesting schedule.) Awards under

6  the Growth Award plan were subject to a 4-year cliff vesting schedule. Awards under the

7  WealthBuilder Account Plan did not vest until the participant retired from Merrill Lynch. Under

8  each Plan, if the participant left his or her employment at Merrill Lynch to work for a competitor,

9  the participant forfeited any unvested awards.

10         8.     In January 2007, Plaintiffs left their employment at Merrill Lynch to set up an

11  independent financial advisory firm. Subsequently, Plaintiffs demanded that Merrill Lynch pay

12  Plaintiffs the amounts they were due under the Plans. Merrill Lynch rejected Plaintiffs' demands,

13  claiming that Plaintiffs had forfeited their awards.

14  CLASS ACTION ALLEGATIONS

15         9.     Class Definition. Plaintiffs bring this lawsuit as a class action under Fed. R. Civ. P.

16  23. Plaintiffs seek to represent the following Classes:

17         A.     The "California Class" consists of all individuals who were employed by

18  Merrill Lynch in the State of California and who, within the applicable statute of limitations,

19  allegedly forfeited awards under the Merrill Lynch FACAAP, Growth Award, or WealthBuilder

20  plans as a result of becoming employed by a competitor of Merrill Lynch.

21         B.     The "Nationwide Class" consists of all individuals who were employed by

22  Merrill Lynch anywhere in the United States who, within the applicable statute of limitations,

23  received awards under the Merrill Lynch FACAAP, Growth Award, or WealthBuilder plans.

24         10.    Common Questions of Fact or Law. This lawsuit is suitable for class treatment

25  because common questions of fact and law predominate over any possible individual issues.

26  Common questions include, but are not limited to, the following: (1) whether Merrill Lynch's

27  policies and procedures regarding the vesting and forfeiture of awards under the Plans were and

28  are unlawful; (2) whether awards under the Plans were and are "wages" under California Labor

3

CLASS ACTION COMPLAINT

1 Code section 200; (3) whether the Plans' forfeiture provisions violate Cal. Bus. & Prof. Code

2 section 16600; (4) whether the Defendants were and are fiduciaries of the FACAAP; (5) whether

3 the Plans are ERISA plans; and (6) whether Defendants' acts and omissions alleged herein caused

4 injury and, if so, what measure of damages is proper.

5        11.    Numerosity.   Plaintiffs allege on information and belief that each Class consists of

6 over 100 members.  While Plaintiffs do not presently know the exact number of Class members,

7 the members may be identified and located using information in Merrill Lynch's personnel records

8        12.    Typicality and Adequacy.  Plaintiffs' claims are typical of the claims of all other

9 Class members.  Plaintiffs will fairly and adequately protect the interests of the other Class

10 members and have no interests that are adverse to the Class members.

11        13.    Superiority.  A class action is superior to other available means for the fair and

12 efficient adjudication of this controversy.  Class treatment will permit a large number of similarly

13 situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

14 and without unnecessary duplication of effort and expense.  Plaintiffs anticipate no difficulty in

15 the prosecution of this action as a class action.

16 FIRST CAUSE OF ACTION

17 (Recovery of Unpaid Wages)

18 (By the California Class Against Merrill Lynch)

19        14.    Plaintiffs incorporate the preceding paragraphs as though set forth in full.

20        15.    Awards to California Class members under the Plans are earned wages under Cal.

21 Labor Code section 200.

22        16.    By refusing to pay Plaintiffs and the other California Class members their awards

23 under the Plans on the ground that those awards were forfeited, Merrill Lynch violated the

24 California statutes regulating the payment of wages, including without limitation Cal. Lab. Code

25 sections 201, 202, 204, 221, and 222.

26        17.    As a result of Merrill Lynch's conduct, Plaintiffs and the other California Class

27 members have been damaged in amounts to be proved at trial.

28

4

CLASS ACTION COMPLAINT

18.     In addition, Merrill Lynch's refusal to pay the awards was willful, entitling Plaintiffs and the other California Class members to waiting time penalties under Cal. Labor Code section 203.

SECOND CAUSE OF ACTION

(Violation of B&P Code section 17200 et seq.)

(By the California Class Against Merrill Lynch)

19.     Plaintiffs incorporate the preceding paragraphs as though set forth in full.

20.     Cal. Bus. & Prof. Code section 16600 states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

21.     The purpose and effect of the forfeiture provisions in the Plans is to restrain Plaintiffs and the California Class members from working for Merrill Lynch's competitors, which is a violation of Section 16600.

22.     Merrill Lynch's inclusion of the illegal forfeiture provisions in the Plans is an unlawful, unfair or fraudulent business act or practice under Cal. Bus. & Prof. Code section 17200 et seq.

23.     Plaintiffs and the California Class members are persons who have suffered injury in fact and have lost money or property as a result of Merrill Lynch's acts of unfair competition.

24.     Pursuant to Cal. Bus. & Prof. Code section 17203, Plaintiffs and the California Class members are entitled to an order: (1) striking the illegal forfeiture provisions from the Plans; (2) restoring to Plaintiffs and the California Class members the value of the awards at the time the awards were allegedly forfeited; (3) enjoining Merrill Lynch from attempting to enforce the forfeiture provisions in the future; and (4) imposing whatever further injunctive relief the Court deems proper.

THIRD CAUSE OF ACTION

(Conversion)

(By the California Class Against Merrill Lynch)

25.     Plaintiffs incorporate the preceding paragraphs as though set forth in full.

5

26.     By refusing to pay Plaintiffs and the other California Class members their awards under the Plans on the ground that those awards were forfeited, Merrill Lynch illegally converted the property of Plaintiffs and the other California Class members.

27.     As a result of Merrill Lynch's conduct, Plaintiffs and the California Class members were damaged in amounts to be proved at trial.  Pursuant to Cal. Civ. Code § 3336, this damage includes, without limitation, the value of the awards at the time of the conversion, plus interest, plus fair compensation for the time and money properly expended in pursuit of the awards.

28.     Merrill Lynch's acts were willful, malicious, oppressive, and done with conscious disregard of the rights of Plaintiffs and the other California Class members, entitling Plaintiffs and the other California Class members to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### (By the Nationwide Class Against All Defendants)

29.     Plaintiffs incorporate the preceding paragraphs as though set forth in full.

30.     At all relevant times, Defendants were fiduciaries of the FACAAP and, as such, had a duty to act with the utmost good faith and in the best interests of the FACAAP and all the Nationwide Class members, including Plaintiffs.  Furthermore, under paragraph 14 of the FACAAP, Defendants had a fiduciary duty to preserve the benefit of the FACAAP for the Nationwide Class members in the event of any unusual or extraordinary event that materially affected the value of Merrill Lynch's common stock.

31.     Within the applicable statute of limitations, unusual and extraordinary events occurred that materially affected the value of Merrill Lynch's common stock.  These included: (1) Merrill Lynch's aggressive expansion into subprime mortgage-backed securities and Collateralized Debt Obligations ("CDOs") despite the increase in subprime mortgage defaults and the deterioration of the credit markets; (2)  Merrill Lynch's failure to manage its risk in connection with the subprime and CDO businesses; and (3) Merrill Lynch's failure to disclose the full extent of its exposure with regard to those businesses, which artificially inflated the price of Merrill Lynch's stock and led to its precipitous decline.

6

CLASS ACTION COMPLAINT

32.    In light of these events, Defendants had a fiduciary duty under the FACAAP to make adjustments to the FACAAP to preserve the benefit of the plan for all Nationwide Class members, including Plaintiffs.  Such adjustments should have included, for example: (1) increasing the FACAAP awards to compensate for the decline in the price of Merrill Lynch's common stock; (2) accelerating the vesting of FACAAP awards to allow the Nationwide Class members to sell their common stock; or (3) giving Nationwide Class members the option of receiving their FACAAP awards in cash or in some other investment vehicle.

33.    Plaintiffs allege on information and belief that Defendants did not make any such adjustments, nor did they consider any such adjustments, thereby breaching their fiduciary duty to the Nationwide Class members.  As a result, Plaintiffs and the other Nationwide Class members have been damaged in amounts to be proved at trial.

34.    Defendants' acts were willful, malicious, oppressive, and done with conscious disregard of the rights of the other Nationwide Class members, entitling the Nationwide Class members to an award of punitive damages.

FIFTH CAUSE OF ACTION

(Violation of ERISA, 29 U.S.C. sections  1053(a) and 1104(a))

(By the Nationwide Class Against All Defendants)

35.    Plaintiffs incorporate paragraphs 1-14 as though set forth in full.  Plaintiffs plead this cause of action in the alternative to the state law claims alleged above.

36.    The Plans are employee pension benefit plans under 29 U.S.C. section 1002(2).

37.    The Plans violate the minimum vesting standards set forth in 29 U.S.C. section 1053(a).

38.    At all relevant times, Defendants were fiduciaries of the FACAAP and, as such, had a duty to act with the utmost good faith and in the best interests of the FACAAP and the Nationwide Class members, including Plaintiffs.  Furthermore, under paragraph 14 of the FACAAP, Defendants had a duty to preserve the benefit of the FACAAP for the Nationwide Class members in the event of any unusual or extraordinary event that materially affected the value of Merrill Lynch's common stock.

7

CLASS ACTION COMPLAINT

39.    Within the applicable statute of limitations, unusual and extraordinary events occurred that materially affected the value of Merrill Lynch's common stock.  These included: (1) Merrill Lynch's aggressive expansion into subprime mortgage-backed securities and Collateralized Debt Obligations ("CDOs") despite the increase in subprime mortgage defaults and the deterioration of the credit markets; (2)  Merrill Lynch's failure to manage its risk in connection with the subprime and CDO businesses; and (3) Merrill Lynch's failure to disclose the full extent of its exposure with regard to those businesses, which artificially inflated the price of Merrill Lynch's stock and led to its precipitous decline.

40.    In light of these events, Defendants had a fiduciary duty under the FACAAP to make adjustments to the FACAAP to preserve the benefit of the plan for the Nationwide Class members, including Plaintiffs.   Such adjustments should have included, for example: (1) increasing the FACAAP awards to compensate for the decline in the price of Merrill Lynch's common stock; (2) accelerating the vesting of FACAAP awards to allow the Nationwide Class members to sell their common stock; and/or (3) giving Nationwide Class members the option of receiving their FACAAP awards in cash or in some other investment vehicle.

41.    Plaintiffs allege on information and belief that Defendants did not make any such adjustments, nor did they consider any such adjustments, thereby breaching their fiduciary duty to the Nationwide Class members.

42.    As a result of the foregoing conduct by Defendants, Plaintiffs and the Nationwide Class members have suffered injury.  Plaintiffs and the Nationwide class members are entitled to monetary damages, injunctive relief, and reasonable attorneys' fees and costs, among other remedies.

43.    There is no requirement that Plaintiffs and the Nationwide Class members exhaust administrative remedies, since: (1) Defendants have failed to establish a meaningful claims procedure; (2) to the extent there is a claims procedure, which Plaintiffs deny, pursuing a claim would be futile; (3) to the extent there is a claims procedure, the nature of Plaintiffs' fiduciary duty claims makes pursuing an administrative claim inappropriate; and (4) Plaintiffs' allegations involve an interpretation of ERISA, and therefore, the exhaustion requirement does not apply.

CLASS ACTION COMPLAINT

PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.      For an Order certifying this action as a class action with Plaintiffs and their counsel as representatives of the Classes;

2.      Awarding Plaintiffs and the Classes compensatory damages according to proof;

3.      Awarding penalties to Plaintiffs and the Classes according to proof;

4.      Awarding punitive damages to Plaintiffs and the Classes according to proof;

5.      For an order: (1) striking the illegal forfeiture provisions from the Plans; (2) restoring to Plaintiffs and the California Class members the value of the awards at the time the awards were forfeited; and (3) enjoining Merrill Lynch from attempting to enforce the forfeiture provisions in the future.

6.      Awarding Plaintiffs and the Classes prejudgment interest and costs of suit; and

7.      Awarding such other relief as the Court deems proper.

Dated: March 19, 2009                    DOSTART CLAPP GORDON & COVENEY, LLP

_____
JAMES F. CLAPP

Jeffrey G. Smith
Mark C. Rifkin
Robert Abrams
Matthew M. Guiney
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all causes of action for which a jury trial is permitted.

Dated: March 19, 2009

DOSTART CLAPP GORDON & COVENEY, LLP

JAMES F. CLAPP
Attorneys for Plaintiffs

82919.1

---

10

CLASS ACTION COMPLAINT

JS 44 (Rev. 12/07)                    **ORIGINAL**
                              **CIVIL COVER SHEET**                    **VIA FAX**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Trevor Callan, Timothy Callan, and Ryan Callan

**DEFENDANTS**
Merrill Lynch & Co., Inc.; Merrill Lynch, Pierce, Fenner & Smith Inc., et al.

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **New York, New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James F. Clapp (145814)
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Tel: (858) 623-4200

Attorneys (If Known)

**FILED**
MAR 19 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                DEPUTY

**'09 CV 0566 BEN WMc**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

**PERSONAL INJURY** (second column)
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d); 29 U.S.C. section 1132(e)
Brief description of cause:
Class Action for Unpaid Wages, Violation of Cal. B&P Code section 17200, Conversion, Violation of ERISA

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
March 19, 2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 161262   AMOUNT $ 350.   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
3/20/09

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 161262    - SR**

**March 20, 2009**
**16:00:05**

**Civ Fil Non-Pris**
USAO #.: 09CV0566
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: BC#36893

**Total-> $350.00**

FROM: CALLAN V. MERRILL LYNCH & CO
      CIVIL FILING