ORIGINAL

| | |
|---|---|
| 1 | JAMES F. CLAPP (145814)<br>jclapp@sdlaw.com |
| 2 | MARITA MURPHY LAUINGER (199242)<br>mlauinger@sdlaw.com |
| 3 | DOSTART CLAPP GORDON & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970 |
| 4 | San Diego, California 92122-1253<br>Tel: 858-623-4200 |
| 5 | Fax: 858-623-4299 |
| 6 | JEFFREY G. SMITH (133113)<br>smith@whafh.com |
| 7 | Mark C. Rifkin<br>Robert Abrams |
| 8 | Matthew M. Guiney<br>WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP |
| 9 | 270 Madison Ave.<br>New York, NY 10016 |
| 10 | Tel: 212-545-4600<br>Fax: 212-545-4653 |
| 11 | |
| 12 | Attorneys for Plaintiffs |

**FILED MAR 19 2009** CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY _____ DEPUTY

VIA FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 0566 BEN WMc

| | | |
|---|---|---|
| 16 | TREVOR CALLAN, TIMOTHY CALLAN, | CASE NO. |
| 17 | and RYAN CALLAN, individually and on<br>behalf of all others similarly situated, | |
| 18 | | CLASS ACTION COMPLAINT FOR:<br>(1) RECOVERY OF UNPAID WAGES; (2) |
| 19 | Plaintiffs, | VIOLATION OF B&P CODE SECTION<br>17200 ET SEQ.; (3) CONVERSION; (4) |
| 20 | vs. | BREACH OF FIDUCIARY DUTY; AND (5)<br>VIOLATION OF ERISA |
| 21 | MERRILL LYNCH & CO., INC.; MERRILL<br>LYNCH, PIERCE, FENNER & SMITH INC.; | |
| 22 | CAROL T. CHRIST; ARMANDO M.<br>CODINA; VIRGIS W. COLBERT; JILL K. | [DEMAND FOR JURY TRIAL] |
| 23 | CONWAY; ALBERTO CRIBIORE; JOHN D.<br>FINNEGAN; JUDITH MAYHEW JONAS; | |
| 24 | HEINZ-JOACHIM NEUBÜRGER; DAVID<br>K. NEWBIGGING; E. STANLEY O'NEAL; | |
| 25 | AULANA L. PETERS; JOSEPH W.<br>PRUEHER; ANN N. REESE; CHARLES O. | |
| 26 | ROSSOTTI; and JOHN A. THAIN, | |
| 27 | Defendants. | |
| 28 | | |

---

CLASS ACTION COMPLAINT

## PARTIES

1. Plaintiffs Trevor Callan, Timothy Callan, and Ryan Callan ("Plaintiffs") are individuals residing in San Diego County, California.

2. Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively "Merrill Lynch") are Delaware corporations doing business in San Diego County, California.

3. Defendants Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Judith Mayhew Jonas, Heinz-Joachim Neubürger, David K. Newbigging, E. Stanley O'Neal, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese, Charles O. Rossotti, and John A. Thain (collectively the "Director Defendants") are individuals whose places of residence are unknown to Plaintiffs. At all relevant times, the Director Defendants were members of Merrill Lynch's Board of Directors, and some or all of the Director Defendants were members of the Management Development and Compensation Committee. Collectively, Merrill Lynch and the Director Defendants are referred to herein as "Defendants."

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant the Class Action Fairness Act, 28 U.S.C. section 1332(d), in that: (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (2) Plaintiffs are citizens of California whereas Merrill Lynch is a citizen of New York. Alternatively, the Court has subject matter jurisdiction over the ERISA cause of action pursuant to 29 U.S.C. section 1132(e) and over the state law causes of action pursuant to 28 U.S.C. section 1367 (supplemental jurisdiction).

5. Venue is proper in this Court because Plaintiffs were employed in this judicial district and the events giving rise to Defendants' liability occurred here.

## GENERAL ALLEGATIONS

6. Plaintiffs were employed by Merrill Lynch as Financial Advisors in San Diego County, California. Plaintiffs were required to accept part of their wages in the form of "awards" under the Merrill Lynch "Financial Advisor Capital Accumulation Award Plan" ("FACAAP"), "Growth Award" plan, and "WealthBuilder Account Plan" (collectively, these are referred to as

the "Plans"). Merrill Lynch represented to Plaintiffs that these Plans were components of Plaintiffs' overall compensation package. Merrill Lynch did not give Plaintiffs the option of refusing to participate in the Plans and receiving all of their wages in cash.

7. Awards under the FACAAP were subject to an 8-year cliff vesting schedule. (Before 2003, FACAAP awards were subject to a 10-year cliff vesting schedule.) Awards under the Growth Award plan were subject to a 4-year cliff vesting schedule. Awards under the WealthBuilder Account Plan did not vest until the participant retired from Merrill Lynch. Under each Plan, if the participant left his or her employment at Merrill Lynch to work for a competitor, the participant forfeited any unvested awards.

8. In January 2007, Plaintiffs left their employment at Merrill Lynch to set up an independent financial advisory firm. Subsequently, Plaintiffs demanded that Merrill Lynch pay Plaintiffs the amounts they were due under the Plans. Merrill Lynch rejected Plaintiffs' demands, claiming that Plaintiffs had forfeited their awards.

## CLASS ACTION ALLEGATIONS

9. <u>Class Definition.</u> Plaintiffs bring this lawsuit as a class action under Fed. R. Civ. P. 23. Plaintiffs seek to represent the following Classes:

A. The "California Class" consists of all individuals who were employed by Merrill Lynch in the State of California and who, within the applicable statute of limitations, allegedly forfeited awards under the Merrill Lynch FACAAP, Growth Award, or WealthBuilder plans as a result of becoming employed by a competitor of Merrill Lynch.

B. The "Nationwide Class" consists of all individuals who were employed by Merrill Lynch anywhere in the United States who, within the applicable statute of limitations, received awards under the Merrill Lynch FACAAP, Growth Award, or WealthBuilder plans.

10. <u>Common Questions of Fact or Law.</u> This lawsuit is suitable for class treatment because common questions of fact and law predominate over any possible individual issues. Common questions include, but are not limited to, the following: (1) whether Merrill Lynch's policies and procedures regarding the vesting and forfeiture of awards under the Plans were and are unlawful; (2) whether awards under the Plans were and are "wages" under California Labor

Code section 200; (3) whether the Plans' forfeiture provisions violate Cal. Bus. & Prof. Code section 16600; (4) whether the Defendants were and are fiduciaries of the FACAAP; (5) whether the Plans are ERISA plans; and (6) whether Defendants' acts and omissions alleged herein caused injury and, if so, what measure of damages is proper.

11. <u>Numerosity</u>.  Plaintiffs allege on information and belief that each Class consists of over 100 members. While Plaintiffs do not presently know the exact number of Class members, the members may be identified and located using information in Merrill Lynch's personnel records

12. <u>Typicality and Adequacy</u>. Plaintiffs' claims are typical of the claims of all other Class members. Plaintiffs will fairly and adequately protect the interests of the other Class members and have no interests that are adverse to the Class members.

13. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Plaintiffs anticipate no difficulty in the prosecution of this action as a class action.

## FIRST CAUSE OF ACTION

(Recovery of Unpaid Wages)

(By the California Class Against Merrill Lynch)

14. Plaintiffs incorporate the preceding paragraphs as though set forth in full.

15. Awards to California Class members under the Plans are earned wages under Cal. Labor Code section 200.

16. By refusing to pay Plaintiffs and the other California Class members their awards under the Plans on the ground that those awards were forfeited, Merrill Lynch violated the California statutes regulating the payment of wages, including without limitation Cal. Lab. Code sections 201, 202, 204, 221, and 222.

17. As a result of Merrill Lynch's conduct, Plaintiffs and the other California Class members have been damaged in amounts to be proved at trial.

18. In addition, Merrill Lynch's refusal to pay the awards was willful, entitling Plaintiffs and the other California Class members to waiting time penalties under Cal. Labor Code section 203.

## SECOND CAUSE OF ACTION

(Violation of B&P Code section 17200 et seq.)

(By the California Class Against Merrill Lynch)

19. Plaintiffs incorporate the preceding paragraphs as though set forth in full.

20. Cal. Bus. & Prof. Code section 16600 states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

21. The purpose and effect of the forfeiture provisions in the Plans is to restrain Plaintiffs and the California Class members from working for Merrill Lynch's competitors, which is a violation of Section 16600.

22. Merrill Lynch's inclusion of the illegal forfeiture provisions in the Plans is an unlawful, unfair or fraudulent business act or practice under Cal. Bus. & Prof. Code section 17200 et seq.

23. Plaintiffs and the California Class members are persons who have suffered injury in fact and have lost money or property as a result of Merrill Lynch's acts of unfair competition.

24. Pursuant to Cal. Bus. & Prof. Code section 17203, Plaintiffs and the California Class members are entitled to an order: (1) striking the illegal forfeiture provisions from the Plans; (2) restoring to Plaintiffs and the California Class members the value of the awards at the time the awards were allegedly forfeited; (3) enjoining Merrill Lynch from attempting to enforce the forfeiture provisions in the future; and (4) imposing whatever further injunctive relief the Court deems proper.

## THIRD CAUSE OF ACTION

(Conversion)

(By the California Class Against Merrill Lynch)

25. Plaintiffs incorporate the preceding paragraphs as though set forth in full.

26. By refusing to pay Plaintiffs and the other California Class members their awards under the Plans on the ground that those awards were forfeited, Merrill Lynch illegally converted the property of Plaintiffs and the other California Class members.

27. As a result of Merrill Lynch's conduct, Plaintiffs and the California Class members were damaged in amounts to be proved at trial. Pursuant to Cal. Civ. Code § 3336, this damage includes, without limitation, the value of the awards at the time of the conversion, plus interest, plus fair compensation for the time and money properly expended in pursuit of the awards.

28. Merrill Lynch's acts were willful, malicious, oppressive, and done with conscious disregard of the rights of Plaintiffs and the other California Class members, entitling Plaintiffs and the other California Class members to an award of punitive damages.

## FOURTH CAUSE OF ACTION

(Breach of Fiduciary Duty)

(By the Nationwide Class Against All Defendants)

29. Plaintiffs incorporate the preceding paragraphs as though set forth in full.

30. At all relevant times, Defendants were fiduciaries of the FACAAP and, as such, had a duty to act with the utmost good faith and in the best interests of the FACAAP and all the Nationwide Class members, including Plaintiffs. Furthermore, under paragraph 14 of the FACAAP, Defendants had a fiduciary duty to preserve the benefit of the FACAAP for the Nationwide Class members in the event of any unusual or extraordinary event that materially affected the value of Merrill Lynch's common stock.

31. Within the applicable statute of limitations, unusual and extraordinary events occurred that materially affected the value of Merrill Lynch's common stock. These included: (1) Merrill Lynch's aggressive expansion into subprime mortgage-backed securities and Collateralized Debt Obligations ("CDOs") despite the increase in subprime mortgage defaults and the deterioration of the credit markets; (2) Merrill Lynch's failure to manage its risk in connection with the subprime and CDO businesses; and (3) Merrill Lynch's failure to disclose the full extent of its exposure with regard to those businesses, which artificially inflated the price of Merrill Lynch's stock and led to its precipitous decline.

32. In light of these events, Defendants had a fiduciary duty under the FACAAP to make adjustments to the FACAAP to preserve the benefit of the plan for all Nationwide Class members, including Plaintiffs. Such adjustments should have included, for example: (1) increasing the FACAAP awards to compensate for the decline in the price of Merrill Lynch's common stock; (2) accelerating the vesting of FACAAP awards to allow the Nationwide Class members to sell their common stock; or (3) giving Nationwide Class members the option of receiving their FACAAP awards in cash or in some other investment vehicle.

33. Plaintiffs allege on information and belief that Defendants did not make any such adjustments, nor did they consider any such adjustments, thereby breaching their fiduciary duty to the Nationwide Class members. As a result, Plaintiffs and the other Nationwide Class members have been damaged in amounts to be proved at trial.

34. Defendants' acts were willful, malicious, oppressive, and done with conscious disregard of the rights of the other Nationwide Class members, entitling the Nationwide Class members to an award of punitive damages.

## FIFTH CAUSE OF ACTION

(Violation of ERISA, 29 U.S.C. sections 1053(a) and 1104(a))

(By the Nationwide Class Against All Defendants)

35. Plaintiffs incorporate paragraphs 1-14 as though set forth in full. Plaintiffs plead this cause of action in the alternative to the state law claims alleged above.

36. The Plans are employee pension benefit plans under 29 U.S.C. section 1002(2).

37. The Plans violate the minimum vesting standards set forth in 29 U.S.C. section 1053(a).

38. At all relevant times, Defendants were fiduciaries of the FACAAP and, as such, had a duty to act with the utmost good faith and in the best interests of the FACAAP and the Nationwide Class members, including Plaintiffs. Furthermore, under paragraph 14 of the FACAAP, Defendants had a duty to preserve the benefit of the FACAAP for the Nationwide Class members in the event of any unusual or extraordinary event that materially affected the value of Merrill Lynch's common stock.

Case 3:09-cv-00566-BEN-BGS   Document 95-2   Filed 05/28/10   PageID.602   Page 8 of 10
Case 3:09-cv-00566-BEN-WMC   Document 1   Filed 03/19/2009   Page 8 of 12

EXH. A

39. Within the applicable statute of limitations, unusual and extraordinary events occurred that materially affected the value of Merrill Lynch's common stock. These included: (1) Merrill Lynch's aggressive expansion into subprime mortgage-backed securities and Collateralized Debt Obligations ("CDOs") despite the increase in subprime mortgage defaults and the deterioration of the credit markets; (2) Merrill Lynch's failure to manage its risk in connection with the subprime and CDO businesses; and (3) Merrill Lynch's failure to disclose the full extent of its exposure with regard to those businesses, which artificially inflated the price of Merrill Lynch's stock and led to its precipitous decline.

40. In light of these events, Defendants had a fiduciary duty under the FACAAP to make adjustments to the FACAAP to preserve the benefit of the plan for the Nationwide Class members, including Plaintiffs. Such adjustments should have included, for example: (1) increasing the FACAAP awards to compensate for the decline in the price of Merrill Lynch's common stock; (2) accelerating the vesting of FACAAP awards to allow the Nationwide Class members to sell their common stock; and/or (3) giving Nationwide Class members the option of receiving their FACAAP awards in cash or in some other investment vehicle.

41. Plaintiffs allege on information and belief that Defendants did not make any such adjustments, nor did they consider any such adjustments, thereby breaching their fiduciary duty to the Nationwide Class members.

42. As a result of the foregoing conduct by Defendants, Plaintiffs and the Nationwide Class members have suffered injury. Plaintiffs and the Nationwide class members are entitled to monetary damages, injunctive relief, and reasonable attorneys' fees and costs, among other remedies.

43. There is no requirement that Plaintiffs and the Nationwide Class members exhaust administrative remedies, since: (1) Defendants have failed to establish a meaningful claims procedure; (2) to the extent there is a claims procedure, which Plaintiffs deny, pursuing a claim would be futile; (3) to the extent there is a claims procedure, the nature of Plaintiffs' fiduciary duty claims makes pursuing an administrative claim inappropriate; and (4) Plaintiffs' allegations involve an interpretation of ERISA, and therefore, the exhaustion requirement does not apply.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For an Order certifying this action as a class action with Plaintiffs and their counsel as representatives of the Classes;

2. Awarding Plaintiffs and the Classes compensatory damages according to proof;

3. Awarding penalties to Plaintiffs and the Classes according to proof;

4. Awarding punitive damages to Plaintiffs and the Classes according to proof;

5. For an order: (1) striking the illegal forfeiture provisions from the Plans; (2) restoring to Plaintiffs and the California Class members the value of the awards at the time the awards were forfeited; and (3) enjoining Merrill Lynch from attempting to enforce the forfeiture provisions in the future.

6. Awarding Plaintiffs and the Classes prejudgment interest and costs of suit; and

7. Awarding such other relief as the Court deems proper.

Dated: March 19, 2009

DOSTART CLAPP GORDON & COVENEY, LLP

_____
JAMES F. CLAPP

Jeffrey G. Smith
Mark C. Rifkin
Robert Abrams
Matthew M. Guiney
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all causes of action for which a jury trial is permitted.

Dated: March 19, 2009

DOSTART CLAPP GORDON & COVENEY, LLP

_____
JAMES F. CLAPP
Attorneys for Plaintiffs

82919.1