FILED
2010 JAN 22 PM 2:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR CALLAN; TIMOTHY CALLAN; and RYAN CALLAN, individually and on behalf of all others similarly situated,, <br><br> Plaintiffs, <br> vs. <br><br> MERRILL LYNCH & CO., INC.; et al., <br><br> Defendants. | CASE NO. 09 CV 0566 BEN (WMc) <br><br> ORDER GRANTING IN PART AND DENYING IN PART INDEPENDENT DIRECTORS' MOTION TO DISMISS COMPLAINT <br><br> [Docket No. 42] |

Before this Court is a Motion to Dismiss the Complaint ("Motion") filed by Defendants Carol T. Christ, Armando M. Codina, Virgis W. Colbert, Jill K. Conway, Alberto Cribiore, John D. Finnegan, Aulana L. Peters, Joseph W. Prueher, Ann N. Reese and Charles O. Rossotti (collectively, the "Independent Directors") in the above-captioned action. The Motion requests dismissal of the Fourth and Fifth Causes of Action, as alleged against the Independent Directors.

For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## RELEVANT BACKGROUND

This action is a class action initiated by former employees of Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated (together, "Merrill Lynch") who participated in three of Merrill Lynch's employee compensation packages: the Financial Advisor

1  Capital Accumulation Award Plan ("FACAAP"), the WealthBuilder Plan and the Growth Award Plan.
2  The only plan at issue in the Motion is the FACAAP.
3  According to Plaintiffs, Plaintiffs were required to accept part of their wages in the form of
4  "awards" under the FACAAP. (Complaint, ¶ 6.) Before 2003, FACAAP awards were subject to a
5  10-year cliff vesting schedule; after 2003, awards under the FACAAP were subject to an 8-year cliff
6  vesting schedule. (Complaint, ¶ 7.) The FACAAP also contained a "Rule of 65" provision whereby
7  a long-term employee (of at least 20 years of employment) who decided to take early retirement could
8  continue to have his or her FACAAP awards vest and paid out for up to 10 years after he or she retired.
9  (Opposition, pg. 10.)
10  Plaintiffs allege the Independent Directors were fiduciaries of the FACAAP and, as such, had
11  a duty to make adjustments to the FACAAP when Merrill Lynch's exposure to subprime mortgage-
12  backed securities and collateralized debt obligations adversely affected the value of Merrill Lynch's
13  common stock. (Complaint, ¶¶ 30-31.) In the alternative, Plaintiffs allege the FACAAP is an
14  employee pension benefit plan subject to ERISA restrictions; the FACAAP violates the minimum
15  vesting standards set forth in ERISA, 29 U.S.C. § 1053(a); and Defendants breached their fiduciary
16  duties under ERISA, 29 U.S.C. § 1104(a). (Complaint, ¶¶ 36-38.)
17  These claims are alleged in Plaintiff's Fourth Cause of Action (titled "Breach of Fiduciary
18  Duty") and Fifth Cause of Action (titled "Violation of ERISA, 29 U.S.C. §§ 1053(a) and 1104(a)"),
19  respectively. These causes of action are the only causes of action asserted by Plaintiffs against the
20  Independent Directors in this case. Although Plaintiffs also assert these claims against Merrill Lynch,
21  Merrill Lynch is not a moving party in the Motion.

**MOTION TO DISMISS**

**I.   Plaintiffs' Fourth Cause of Action for Breach of Fiduciary Duty**

The Independent Directors argue Plaintiffs' claim for breach of fiduciary duty must be dismissed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on the grounds the Court lacks jurisdiction over the Independent Directors (except Defendant Peters who is a resident of California) and, in any event, Plaintiffs fail to state a claim upon which relief can be granted. The Court agrees.

A. *Personal Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a claim for "lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986); *Flynth Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).

However, a plaintiff need only make a prima facie showing that personal jurisdiction exists. *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a prima facie showing means the plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *See WNS, Inc. v. Farron*, 884 F.2d 200, 203-04 (5th Cir. 1989). The allegations contained in the affidavits and pleadings may not be conclusory, but rather, must assert particular facts that establish the necessary ties between the defendant and the forum state. *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 n. 5 (9th Cir. 1980); *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2nd Cir. 1998) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) ("[The Court is] not bound to accept as true a legal conclusion couched as a factual allegation."). The court must weigh the substantiated pleadings and declarations in the light most favorable to the plaintiff and resolve all factual disputes in the plaintiff's favor. *Data Disc*, 557 F.2d at 1285.

Here, the Court first notes Plaintiffs' Complaint is void of any allegations tying the Independent Directors to the forum state. The Complaint merely states the residences of the Independent Directors "are unknown to Plaintiffs." (Complaint, ¶ 3.) In connection with their opposition to the Motion, Plaintiffs submitted a declaration stating that the residences of all Independent Directors, except Defendant Peters, are located outside of California. (Dostart Decl., ¶¶ 3-6, 8-14.) The issue here is personal jurisdiction over these non-resident Independent Directors. Plaintiffs argue the non-resident Independent Directors are subject to personal jurisdiction under ERISA, 29 U.S.C. § 1132(e) which provides for nationwide service-of-process. (Opposition, 5:14-15.)

Section 1132(e) provides an ERISA claim "may be brought in the district where... a defendant

- 3 -
EXHIBIT D
09cv0566

1 | resides or may be found, and process may be served in any other district where a defendant resides or
2 | may be found." 29 U.S.C. § 1132(e)(2).
3 | However, to invoke the broad jurisdictional reach afforded under Section 1132(e), the claim
4 | alleged must be tethered in some way to ERISA or related ERISA-based claims. *Warfield v. Alaniz*,
5 | 569 F.3d 1015, 1029 (9th Cir. 2009) (personal jurisdiction premised on a statute granting nationwide
6 | service of process is conditioned on finding that the claim is subject to that statute); *see also IUE AFL-*
7 | *CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2nd Cir. 1993) (even for pendent jurisdiction,
8 | plaintiffs must state a "colorable claim" under the federal statute that gave rise to personal jurisdiction
9 | premised on the nationwide service of process provision therein). Here, the Fourth Cause of Action
10 | asserts a state law claim for breach of fiduciary duty based on the FACAAP. Therefore, the Fourth
11 | Cause of Action is not an ERISA claim and the jurisdictional benefits afforded under ERISA do not
12 | apply directly. Rather, the Court can only exercise jurisdiction, if at all, based on pendent jurisdiction
13 | arising from the related ERISA-based claim set forth in the Fifth Cause of Action. *United Mine*
14 | *Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The Independent Directors argue the
15 | FACAAP is not a retirement plan under ERISA and, therefore, any alleged pendent jurisdiction based
16 | thereon lacks merits. The Court agrees.
17 | Section 1002(2) defines an "employee pension benefit plan" for purposes of ERISA as a plan
18 | that expressly or as a result of surrounding circumstances, either "provides retirement income to
19 | employees" or " results in a deferral of income by employees for periods extending to the termination
20 | of covered employment or beyond." 29 U.S.C. § 1002(2)(A). Plaintiffs argue the FACAAP qualifies
21 | under this definition because it "results in a deferral of income... extending to the termination of
22 | covered employment or beyond." (Opposition, pg. 8.)
23 | The Ninth Circuit has held that a pension plan for purposes of ERISA is established "if a
24 | reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and
25 | procedure for receiving benefits" *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1376 (9th Cir.
26 | 1994). Although the plan need not expressly refer to ERISA, it must possess a retirement purpose and
27 | systematically provide for deferred income. *Segovia v. Shoenmann (In re Segovia)*, 404 B.R. 896, 922
28 | (N.D. Cal. 2009). Courts have consistently held that plans created to incentivize performance and not

provide retirement income, such as the FACAAP in this case, are not ERISA plans. *See, e.g., id.; see also Inman v. Klockner-Pentaplast of America, Inc.,* 467 F.Supp.2d 642, 653 (W.D. Va. 2006); *Roderick v. Mazzetti & Ass'ns, Inc.*, Case No. C 04-2436, 2004 WL 2554453 at *9 (N.D Cal. 2004).

Plaintiffs notably fail to submit a copy of the FACAAP or include in the Complaint any other allegation showing how the FACAAP qualifies as an "employee pension benefit plan" under ERISA. Nevertheless, the Independent Directors submitted a copy of the FACAAP, which the Court may, and does, consider here. *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322-23 (2007) (in ruling on a motion to dismiss, courts may consider documents incorporated by reference into the complaint). The Court notes the FACAAP submitted by the Independent Directors states "[a]s amended through October 22, 2007," even though it is undisputed Plaintiffs' employment terminated in January 2007. Although Plaintiffs urge the Court not to consider the FACAAP on those grounds, Plaintiffs do not contend that the relevant sections therein are incorrect or were not in effect at the time of Plaintiffs' employment. Additionally, in their Complaint, despite not producing a copy of the FACAAP, Plaintiffs expressly cite various sections and provisions of the FACAAP. Those sections and provisions appear in the FACAAP submitted by the Independent Directors. Therefore, for purposes here, the Court considers the FACAAP submitted by the Independent Directors.

The FACAAP states,

> The Merrill Lynch [FACAAP] reflects MLPF&S's commitment to reward top producing Private Client Employees. The purpose of the Award is to establish and retain a strong sales force and professional managers by recognizing the benefits of their contributions to MLPF&S. (Even Decl., Ex. 1 at pg. 1.)

The FACAAP provides the "criteria for Awards will be established periodically by the Committee... An Award will generally be stated as an amount equal to a percentage of achievement against established goals during a Performance Period." (Even Decl., Ex. 1 at pg. 4.) Awards granted under the FACAAP are in the form of common stock or, in specific situations identified therein, in the form of cash. (Even Decl., Ex. 1 at pg. 6.)

By its express terms, the FACAAP does not have a retirement purpose or provide a systematic deferral of compensation. Rather, it is clear the FACAAP is intended merely as a bonus program to award top performing employees and provide financial incentive for employees to remain with Merrill

Lynch and improve their performance there. There is nothing in the FACAAP that would allow a reasonable person to calculate or determine the benefits of the plan or the procedure for receiving benefits, as those matters are left to the sole discretion of Merrill Lynch. Additionally, no employee is guaranteed awards under the FACAAP; he or she is given awards only according to the company's assessment of his or her contribution to the financial well-being of the company. As such, the FACAAP does not qualify as an "employee pension benefit plan" under ERISA.

The "Rule of 65" provision does not render the FACAAP an ERISA pension plan. Any post-retirement payments available under the FACAAP are merely incidental to the goal of supplementing current compensation and such an arrangement is not a "deferral of income." As noted by the Fifth Circuit, the definition of an ERISA pension plan is "not to be read as an elastic girdle that can be stretched to cover any content that can conceivably fit within its reach." *Murphy v. Inexco Oil Co.*, 611 F.2d 570 (5th Cir. 1980). The cases cite by Plaintiffs, in particular *Holtzer v. Prudential Equity Group, LLC*, 458 F.Supp.2d 587 (N.D. Ill. 2006), *Petr v. Nationwide Mut. Ins. Co.*, 712 F.Supp. 504 (D. Md. 1989) and *Holansky v. Prudential Fin.*, Case No. 02-C-4820, 2004 U.S. Dist. LEXIS 11419 (N.D. Ill. June 21, 2004) are inapposite. Those cases involved plans that were either promoted as retirement plans and/or provided benefits only after termination of employment and after the employee reached age 50. Those facts are not present here.

As the FACAAP is not an ERISA pension plan, the jurisdictional reach of ERISA, 29 U.S.C. § 1132(e) is not available to establish jurisdiction in this Court over the non-resident Independent Directors. As such, the Court finds it lacks personal jurisdiction over the non-resident Independent Directors, *i.e.*, all Independent Directors except Defendant Peters.

B.   *Failure to State a Claim Upon Which Relief Can Be Granted*

Notwithstanding, the Court finds dismissal proper under Rule 12(b)(6) as to all Independent Directors on the grounds Plaintiffs' Fourth Cause of Action fails to state a claim upon which relief can be granted.

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint." *Newman v. Universal Pictures*, 813 F.2d 1519, 1521-22 (9th Cir. 1987).

1  Well-pleaded allegations in the complaint must be accepted as true; however, the court need not accept
2  as true conclusory allegations, legal characterizations, unreasonable inferences or unwarranted
3  deductions of fact. *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
4        Dismissal is only proper where there is either a "lack of a cognizable legal theory" or " the
5  absence of sufficient facts alleged under the cognizable legal theory." *Balistreri v. Pacifica Police*
6  *Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).
7        As noted, the Fourth Cause of Action is a common law claim for breach of fiduciary duty. To
8  adequately allege a breach of fiduciary duty at common law, Plaintiff must allege, among other things,
9  the existence of a fiduciary duty and a breach of such duty. *Apollo Capital Fund LLC v. Roth Capital*
10  *Partners LLC*, 158 Cal.App.4th 226, 244 (2007).
11        Under California law,[1] "a fiduciary relationship is 'any relation existing between parties to a
12  transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit
13  of the other party.'" *Wolf v. Superior Court*, 107 Cal.App.4th 25, 29 (2003) (quoting *Herbert v.*
14  *Lankershim*, 9 Cal.2d 409, 483 (1937)). "Before a person can be charged with a fiduciary obligation,
15  he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into
16  a relationship which imposes that undertaking as a matter of law. " *City of Hope Nat'l Medical Center*
17  *v. Genentech, Inc.*, 43 Cal.4th 375, 386 (2008).
18        Here, Plaintiffs allege the FACAAP imposed a fiduciary duty on the Independent Directors to
19  preserve the benefit of the FACAAP. (Complaint, ¶ 30.) Plaintiffs specifically refer to paragraph 14
20  of the FACAAP, alleging the Independent Directors had a fiduciary duty to preserve the benefit of
21  FACAAP in the event any "unusual or extraordinary event" materially affected the value of Merrill
22  Lynch's common stock. (Complaint, ¶ 30.) Paragraph 14 provides, in relevant part

> ...[I]f in the opinion of the Board of Directors of ML & Co. (the "Board of Directors"), after consultation with ML & Co.'s independent public accountants, changes in ML & Co.'s accounting policies, acquisitions, divestitures, distributions, or other unusual or extraordinary items have disproportionately and materially affected the value of Common Stock, the Board of Directors shall make such adjustments, if any, that it may

---

[1] The parties have not briefed the issue of which substantive law applies in this case, in light of the FACAAP's New York choice of law provision. Nevertheless, given the absence of any conflict of law between New York and California on the elements for breach of fiduciary duty, the Court assumes for purposes here that California law applies.

> deem necessary or equitable, in its sole discretion, in order to preserve the benefit of this Plan for ML & Co. and its employees and stockholders, in the number of shares subject to or reserved for issuance under this Plan and in the method of calculating Appreciation.

By its plain language, this paragraph merely provides the Independent Directors with authority to make adjustments to the number of shares and method of calculating the awards. This paragraph does not impose any fiduciary duty on the Independent Directors, mandating that they take such actions when "unusual or extraordinary" events occur. The absence of a fiduciary duty is further exemplified by paragraph 5 of the FACAAP, which expressly provides that the FACAAP does not impose a fiduciary duty on the Independent Directors. (Even Decl., Ex. 1 at pg. 5.) The Court notes that imposing such a duty would also potentially conflict with and dilute the duties that directors of a company, including the Independent Directors in this case, owe to shareholders and the corporation. The legal authorities cited by Plaintiffs are inapposite as the authorities are specific to ERISA and the duties set forth thereunder (Opposition, pg. 13) and, as found above, the FACAAP is not a pension plan covered by ERISA.

To the extent a more general fiduciary duty exists or a fiduciary duty under the FACAAP exists, the Court finds Plaintiffs have not adequately alleged a breach thereof. Plaintiffs allege "unusual and extraordinary" events occurred including Merrill Lynch's expansion into the subprime and collateralized debt obligations markets, and the subsequent failure of those markets. (Complaint, ¶ 31.) Plaintiffs allege, based on those events, the Independent Directors were required to, at a minimum, increase the awards under the FACAAP to compensate for the decline in value of the common stock; accelerate the vesting of the awards to allow FACAAP recipients to sell their common stock earlier; and give FACAAP recipients the option to receive their awards in cash rather than common stock. (Complaint, ¶ 32.) Plaintiffs allege the Independent Directors breached their fiduciary duty by failing to take these actions. (Complaint, ¶ 33.)

These allegations do not sufficiently plead breach of the fiduciary duty alleged above. First, the alleged breach appears to go beyond the adjustments permitted by the Independent Directors under the FACAAP; as noted, the FACAAP merely permits the Independent Directors to adjust the number of common shares and method of calculating awards. Second, Plaintiffs fail to plead that a prudent

| | |
|---|---|
| 1 | director in the same position as the Independent Directors would have taken the actions suggested by |
| 2 | Plaintiffs. |
| 3 | Rather, the gist of Plaintiffs' allegations appears to be the losses Plaintiffs suffered to their |
| 4 | common stock as a result of the collapse of the subprime market. However, fiduciaries of a company |
| 5 | such as the Independent Directors here are not required to insure against losses, only to act with care, |
| 6 | prudence and diligence under the circumstances; the mere fact that a company takes a risk and suffers |
| 7 | loss, without more, is not a basis for imposing personal liability on the directors of a company such |
| 8 | as the Independent Directors in this case. *See, e.g., Berg & Berg Enterprises, LLC v. Boyle*, 178 |
| 9 | Cal.App.4th 1020, 1040-42 (2009); *Gaillard v. Natomas Co.*, 208 Cal.App.3d 1250, 1263-64 (1989). |
| 10 | Therefore, the Court finds that dismissal of the Fourth Cause of Action is proper under Rule 12(b)(6) |
| 11 | of the Federal Rules of Civil Procedure. |
| 12 | The Independent Directors also argue dismissal is proper on the grounds that Plaintiffs lack |
| 13 | standing. In light of the above, the Court finds this argument moot. |
| 14 | **II. Plaintiffs' Fifth Cause of Action for Violations of ERISA, 29 U.S.C. §§ 1053(a)** |
| 15 | **and 1104(a)** |
| 16 | The Independent Directors argue Plaintiffs' Fifth Cause of Action for ERISA violations must |
| 17 | likewise be dismissed under Rule 12(b)(2) and 12(b)(6). The Independent Directors' arguments are |
| 18 | the same arguments identified above regarding the Fourth Cause of Action and, as such, relate only |
| 19 | to the FACAAP. |
| 20 | Similar to the Fourth Cause of Action, the Fifth Cause of Action alleges, among other things, |
| 21 | a breach of fiduciary duty by the Independent Directors based on the FACAAP. (Complaint, ¶¶ 38- |
| 22 | 41.) Plaintiffs allege this breach violates ERISA, 29 U.S.C. § 1104(a). These allegations are set forth |
| 23 | in paragraphs 38 through 41 of the Complaint. For the same reasons set forth above, because the |
| 24 | FACAAP is not an "employee pension benefit plan" covered by ERISA and, in any event, Plaintiffs |
| 25 | fail to state a claim upon which relief can be granted, the Court finds that dismissal of the Independent |
| 26 | Directors is proper with respect to these allegations. |
| 27 | However, the Motion fails to note that, unlike the Fourth Cause of Action, the Fifth Cause of |
| 28 | Action is not premised solely on breach of fiduciary duty; rather, the Fifth Cause of Action also alleges |

that all three of Merrill Lynch's employee benefit plans, *i.e.*, the FACAAP, WealthBuilder Plan and the Growth Award Plan, violate the minimum vesting standards set forth in ERISA, 29 U.S.C. § 1053(a). (Complaint, ¶ 37.) The Motion does not address the Plaintiffs' minimum vesting allegations or the other two Merrill Lynch plans. As such, the Motion with respect to those allegations (*i.e.*, paragraph 37 of the Complaint as it relates to the WealthBuilder Plan and Growth Award Plan) is denied without prejudice.

## CONCLUSION

For the reasons set forth above, the Independent Directors' Motion to Dismiss Complaint is **GRANTED IN PART, AND DENIED IN PART**. The Fourth Cause of Action titled "Breach of Fiduciary Duty," as alleged against the Independent Directors, is dismissed in its entirety. The Fifth Cause of Action titled "Violations of ERISA, 29 U.S.C. sections 1053(a) and 1104(a)" is dismissed as to the Independent Directors, except as that cause of action relates to alleged violations of the minimum vesting standards set forth in 29 U.S.C. section 1053(a) and as such alleged violations pertain to the WealthBuilder Plan and Growth Award Plan. With respect to those allegations, the Motion is denied without prejudice.

**IT IS SO ORDERED.**

Dated: January 22, 2010

Hon. Roger T. Benitez, Judge
United States District Court