| | |
|---|---|
| 1 | **MCGUIREWOODS LLP**<br>Matthew C. Kane (SBN 171829) |
| 2 | Email: mkane@mcguirewoods.com<br>Bethany A. Pelliconi (SBN 182920) |
| 3 | Email: bpelliconi@mcguirewoods.com<br>Sylvia J. Kim (SBN 258363) |
| 4 | Email: skim@mcguirewoods.com<br>1800 Century Park East, 8th Floor |
| 5 | Los Angeles, California 90067<br>Telephone: (310) 315-8200 |
| 6 | Facsimile: (310) 315-8210 |
| 7 | Attorneys for Defendants<br>MERRILL LYNCH & CO., INC. and |
| 8 | MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC. |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREVOR CALLAN, TIMOTHY CALLAN and RYAN CALLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERRILL LYNCH & CO., INC., ET AL.,<br><br>Defendants. | CASE NO. 09-CV-0566 BEN (WMc)<br><br>**DECLARATION OF DIANE L. WALLER IN SUPPORT OF MERRILL LYNCH DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT:**<br><br>**Date:** June 28, 2010<br>**Time:** 10:30 a.m.<br>**Courtroom:** 3<br>**Judge:** Hon. Roger T. Benitez |

09-CV-0566 BEN (WMc)

**DECLARATION OF DIANE WALLER I/S/O MERRILL LYNCH DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**

# DECLARATION OF DIANE WALLER

I, DIANE WALLER, declare as follows:

1. I am the Compensation Manager for Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"). I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration and could and would testify competently and truthfully to the same if called as a witness and placed under oath.

2. I make this declaration in support of the Merrill Lynch Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment or Partial Summary Judgment.

3. In my position as Compensation Manager, I have responsibility for managing the administration of compensation at Merrill Lynch for its Financial Advisors, including determining eligibility for the payment of awards under Financial Advisors' incentive compensation plans, and for ensuring timely and accurate payment of such awards under those plans, including the Merrill Lynch Financial Advisor Capital Accumulation Award Plan (the "FACAAP"), the Merrill Lynch Growth Award Plan For Financial Advisors (the "Growth Plan"), and the Merrill Lynch WealthBuilder Account Plan (the "WealthBuilder Plan") (collectively, the "Plans"). In connection with my job duties as Compensation Manager, I maintain and/or have access to the documents attached to this declaration in the ordinary course of business at Merrill Lynch.

4. Attached hereto as Exhibit A is a true and correct copy of the governing plan document for the FACAAP plan in which Plaintiffs Trevor Callan, Timothy Callan and Ryan Callan (the "Plaintiffs") participated during their employment with Merrill Lynch.

5. Attached hereto as Exhibit B is a true and correct copy of the governing plan document for the Growth Plan in which Plaintiffs participated during their employment with Merrill Lynch.

6. Attached hereto as Exhibit C is a true and correct copy of the governing plan document for the WealthBuilder Plan in which Plaintiff Trevor Callan participated during his employment with Merrill Lynch. The intended purpose of the WealthBuilder Plan is, and has been at all relevant times since the issuing of the attached governing plan document, to be an unfunded plan providing deferred compensation for members of a select group of management or highly compensated Merrill Lynch employees who remain in the company's employ until retirement or completion of a substantial period of service as specified in the plan's governing document. More specifically, eligible employees who could participate in the WealthBuilder Plan were, until 2002, Merrill Lynch Financial Advisors who had more than $250,000 of eligible compensation during specified years and had attained at least the title of Vice President or held an Advisory Division Management position with the company. In 2002, the eligible compensation requirement for eligible employees to participate in the WealthBuilder Plan was changed to the participating Financial Advisor having total annual gross production of $1 million or greater in the performance year of the award. Since January 1, 2005, less than 15% of Merrill Lynch's total workforce has been eligible to participate in the WealthBuilder Plan each calendar year, and the average compensation of the participants in the plan has been more than double that of all Merrill Lynch employees.

7. Merrill Lynch's personnel records indicate that Plaintiff Trevor Callan's date of birth is ▮▮▮▮, 1971, and that he was employed at Merrill Lynch from February 24, 1994 to January 12, 2007, when he resigned. Attached hereto as Exhibit D is a true and correct copy of the Uniform Application for Securities Industry Registration Or Transfer Form (the "U-4 Form") which Trevor Callan completed at the time he was hired by Merrill Lynch and which was filed by Merrill Lynch with the National Association of Securities Dealers ("NASD"), now known as the

Financial Industry Regulatory Authority ("FINRA").

8. Merill Lynch's personnel records indicate that Plaintiff Trevor Callan had vested awards under the FACAAP and the Growth Plan as of December 31, 2006, and that he was paid out for both of those awards in full in January 2007, prior to his resignation of employment. Plaintiff Trevor Callan had no other vested awards in any of the Plans at the time he resigned his employment in January 2007.

9. Merrill Lynch's personnel records indicate that Plaintiff Timothy Callan's date of birth is ▮▮▮▮▮▮, 1977, and that he was employed at Merrill Lynch from January 3, 2000 to January 12, 2007, when he resigned. Attached hereto as Exhibit E is a true and correct copy of the U-4 Form which Timothy Callan completed at the time he was hired by Merrill Lynch and which was filed by Merrill Lynch with the NASD.

10. Plaintiff Timothy Callan's first award under the FACAAP was made in 2001, so it would not have vested until December 31, 2009. Plaintiff Timothy Callan's first award under the Growth Plan was made in 2003, so it would not have vested until 2007, after he resigned. Upon his resignation, these awards were forfeited in accordance with the FACAAP and the Growth Plan governing plan documents because Plaintiff Timothy Callan resigned prior to those vesting dates. Plaintiff Timothy Callan had no awards under the WealthBuilder Plan at the time of his resignation.

11. Merrill Lynch's personnel records indicate that Plaintiff Ryan Callan's date of birth is ▮▮▮▮▮▮, 1974, and that he was employed at Merrill Lynch from February 1, 2002 to January 12, 2007, when he resigned. Attached hereto as Exhibit F is a true and correct copy of the U-4 Form which Ryan Callan completed at the time he was hired by Merrill Lynch and which was filed by Merrill Lynch with the NASD. Plaintiff Ryan Callan first received awards under the FACAAP and Growth Award Plans for 2004, and, therefore, none of his awards under either plan had vested

as of the time he resigned in January 2007. Plaintiff Ryan Callan had no awards under the WealthBuilder Plan at the time of his resignation.

12. None of the Plaintiffs were denied payments of any awards they received under the Plans on the basis of their working for a competitor of Merrill Lynch after their respective resignations, and none of them were ever denied payments of any vested awards under the Plans.

13. In addition to the Plans, Plaintiffs also participated in the Merrill Lynch & Co., Inc. Retirement Accumulation Plan (the "RAP"). Plaintiffs' participated in the RAP during the period September 30, 2006 to December 31, 2008, and during that period their RAP participant accounts included investments in Merrill Lynch stock. Attached hereto as Exhibits G, H and I are true and correct copies of Retirement Accumulation Plan Allocation Summaries for all three Plaintiffs showing their participation in the RAP and their stock holdings in their accounts during the aforementioned period.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 28, 2010, at Pennington, New Jersey.

_____
DIANE WALLER